FILED

2018 FEB 20 PM 12: 01

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

EDWARD J. WALSH, JR.
*on behalf of himself and*
*all similarly situated individuals*,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC,

    Defendant.

Civil Action No. 6:18-CV-246-ORL-40-DCI

**PLAINTIFF'S CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

  COMES NOW, the Plaintiff, Edward J. Walsh, Jr., on behalf of himself and all similarly situated individuals, and for his Complaint against the Defendant, he states as follows:

**INTRODUCTION**

  1. This is a consumer class action brought for a willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), against Defendant Experian Information Solutions, Inc. ("Experian"), after Plaintiff obtained a copy of his Experian consumer report and discovered that Experian inaccurately reported his tax lien information. This lawsuit challenges the manner in which Experian reports these public records.

  2. Experian uses a third-party vendor to gather and report tax lien information in credit reports. Experian is aware that its vendor fails to timely gather and

that Experian's own systems routinely fail to update tax lien information when liens are released or satisfied. This failure to timely update liens to reflect their updated status is a violation of 15 U.S.C. § 1681e(b) because Experian has not implemented reasonable procedures to ensure the maximum possible accuracy in the preparation of the consumer reports that it furnished regarding Plaintiff and putative class members. Experian further violates the FCRA's maximum possible accuracy requirements by including the same lien more than once on a credit report and reporting that lien inconsistently.

## JURISDICTION

3. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue is proper in this Court because Plaintiff Walsh is a resident of Casselberry, Florida and a substantial part of Plaintiff's claims occurred in Florida, including in this District and Division

## PARTIES

5. Plaintiff Edward J. Walsh, Jr. ("Mr. Walsh") is a natural person and a "consumer" as defined by § 1681a(c) of the FCRA.

6. Defendant Experian Information Solutions, Inc. is a foreign limited liability company authorized to do business in Florida. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

## FACTS

7. Unlike credit accounts which are reported directly to Experian by creditors, Experian affirmatively seeks out and purchases public records data from third parties who have no relationship the consumer. These records include Florida federal and state tax liens. Experian proactively gathers and disseminates this derogatory information even though there is nothing in the FCRA that affirmatively requires it to do so.

8. Experian obtains its public records from a single third-party company, LexisNexis.

9. During all times relevant to this action, Experian has never done any independent audit of the substantive accuracy of the Florida public records that LexisNexis sells it. While Defendant claims to have done statistical or data integrity reviews, it has never systematically compared the LexisNexis records it receives to the actual public records.

10. Experian has long been aware of the problems alleged herein and the failure of its current procedures to ensure complete and accurate public records.

11. As recently as 2015, the Consumer Financial Protection Bureau informed Experian (in these or similar words) that it had found that Experian's oversight of LexisNexis "was weak and required corrective action" as Experian "did not have defined processes to verify the accuracy of public record information provided" by the vendor.

12. After an unbroken history of inadequate public records reporting, Experian just this year announced a tentative plan to change its procedures to cease reporting the

records it purchases from LexisNexis when it cannot contemporaneously obtain dispositions.

13. Experian made these changes to its public records procedures and standards only as a result of a settlement with several state Attorneys General. "Attorney General Brian E. Frosh, joined by attorneys general from 30 other states," helped lead "a major settlement with" Experian. The settlement "resolve[d] a multiyear investigation focused on consumer disputes about accuracy of consumer credit reports" and "monitoring and disciplining providers of credit reporting information (also known as data furnishers)[.]"

14. Experian does not follow reasonable procedures to gather updated information from the courts when tax liens are released or withdrawn.

15. Instead, Experian published lien data that it knew would be inaccurate if a withdrawal or release had occurred—relying on consumers to clean up their own files via the dispute process after learning of the inaccuracy, rather than paying to have these subsequent filings adequately and reasonably collected with the same vigor that it collected records of the initial entry of tax lien.

16. The methods and processes used by Experian and its vendor to gather Florida tax lien releases and withdrawals and to use those records to update its files were materially the same throughout the class period.

17. Moreover, Experian not only publishes inaccurate lien but frequently reports the same tax lien multiple times on the same report with inconsistent dispositions.

18. At all times pertinent to this Complaint, Experian's conduct regarding the

collection of tax lien disposition information was willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, Experian's conduct is willful because it was intentionally accomplished through intended procedures and as Experian's diligence in collecting and reporting derogatory information is believed by it to be of greater economic value to its paying customers than "disposition" information that demonstrated that the debt was no longer owed to those customers. Experian has also been on notice of these issues throughout the pendency of the multiple actions brought against it and its industry allies, Equifax and Trans Union, over the last six years. Further, including the same derogatory item multiple times on a report is misleading and a well-established violation of the FCRA.[1] As a result of Experian's conduct, Plaintiff and the putative class members suffered particularized and concrete injuries, including damages to their reputations, reductions to their credit scores, and increased risks that they would be denied credit.

### *Facts as to Plaintiff Edward J. Walsh, Jr.*

19. On or around December 7, 2010, the Internal Revenue Service filed a federal tax lien against Mr. Walsh in Seminole County Circuit Court.

20. Mr. Walsh thereafter satisfied the lien and the IRS filed a Certificate of Release of Federal Tax Lien in Seminole County Circuit Court on March 28, 2017.

21. After the lien was satisfied, Mr. Walsh obtained a copy of his Experian credit report and discovered that Experian was reporting the Seminole County Circuit

---

[1] *See, e.g., Smith v. HireRight Sols., Inc.*, 711 F. Supp. 2d 426 (E.D. Pa. 2010); *Hawkins v. S2Verify LLC*, No. C 15-03502 WHA, 2016 WL 107197 (N.D. Cal. Jan. 11, 2016); *Haley v. TalentWise, Inc.*, 9 F. Supp. 3d 1188 (W.D. Wash. 2014).

Court tax lien.

22. Experian reported the same lien twice as two separate entries. One of the entries reported the lien as unsatisfied while the second entry reported the lien as satisfied.

23. As described above, Experian's reporting of the tax lien as unsatisfied was inaccurate and occurred because Experian failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports it publishes and maintains regarding consumers.

24. In Mr. Walsh's instance, if Experian had followed such procedures, Experian would have reported a timely update to the public record showing that a Certificate of Release of Tax Lien was filed with the Seminole County Circuit Court on March 28, 2017.

25. Alternately, Experian could have withheld the reporting of the lien unless and until it could develop procedures to reasonably ensure that its vendor was obtaining update dispositions.

26. The information regarding the satisfaction of Mr. Walsh's tax lien was publically available on the Internet through the Seminole County Circuit Court website—a database free and easily accessible to Experian or its vendor.

27. Moreover, Experian could have implemented manual or automated procedures to ensure that lien information was not reported multiple times in an inconsistent manner on the same credit report.

28. During the time that the tax lien was reporting incorrectly on Mr. Walsh's Experian consumer report, Experian published Mr. Walsh's report to one or more third parties.

**COUNT ONE:**
**Violation of 15 U.S.C. § 1681e(b)**

29. Plaintiff brings this claim individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class (the "Failure to Update Class"):

All natural persons who meet every one of the following definitional requirements

  a. the computer database of Experian shows that the person was the subject of a tax lien in Florida;

  b. As of the date 20 days after the Court's certification of this class, the tax lien was in fact withdrawn, released, or satisfied; and

  c. Experian's records note that a consumer report containing public record entries regarding the person was published following the date of the lien release or withdrawal filing, but within two years preceding the filing date of Plaintiff's Complaint;

  d. and wherein on that date, the Experian file for the consumer contained a record of the tax lien, but did not also reflect that the lien had been withdrawn, released, or satisfied.

30. Numerosity. Fed. R. Civ. P. 23(a)(1). Plaintiff alleges that the class is so numerous that joinder of the class members' claims is impractical. The class members' names and addresses are identifiable through documents maintained by Experian and through publically available court records, and the class members may be notified of the pendency of this action by published and/or mailed notice.

31. Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include by example only and without limitation:

   a. Whether Experian adopted procedures that collected and reported updates to public record tax liens that were less systematic and effective than those it used to collect and report the underlying tax liens;

   b. Whether Experian's uniform procedure for collecting tax lien dispositions (including those of its agent) was a reasonable procedure to ensure maximum possible accuracy in the credit reports it furnished;

   c. Whether Experian did so recklessly, knowingly, or intentionally in conscious disregard of the rights of the consumer class members; and

   d. Whether Experian's conduct constituted violations of the FCRA.

32. Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each class member. Plaintiff is entitled to relief under the same cause of action as the other members of the class. The procedures for both credit reporting and collecting the tax lien dispositions were the same. The willfulness evidence is the same. And the time period within which all actions relevant to this class claim took place is the same.

33. Adequacy. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate class representative because his interests coincide with and are not antagonistic to the interests of the members of the class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he has prosecuted this action vigorously. Plaintiff and his counsel will fairly and adequately protect the class members' interests.

34. Superiority. Fed. R. Civ. P. 23(b)(3). As alleged above, questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Further, individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Experian's conduct and the limited availability of legal representation for such prosecutions. It would be virtually impossible for individual class members to effectively redress the wrongs done to them. Even if the class members could afford individual litigation, it would be an unnecessary burden on the Court. In fact, it is also likely that a large number of class members may not even know of the underlying inaccuracy, not having yet discovered the uncorrected public record or otherwise reviewed their current credit report. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Experian's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

35. Experian violated 15 U.S.C. § 1681e(b) as to the Plaintiff and to the class members by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding them.

36. Each Plaintiff and putative class member suffered real and actual harm and injury.

37. By example only and without imitations, the rights at issue were determined by Congress to be important measures of Experian's process to ensure continued accuracy and completeness in its files and reports.

38. In each instance for each class member, their actual credit reports were materially inaccurate and reported a major derogatory public record that Experian was legally obligated to correct and omit.

39. Experian's violation of 15 U.S.C. § 1681e(b) was willful, rendering Experian liable pursuant to 15 U.S.C. § 1681n.

40. In the alternative, Experian's violation of 15 U.S.C. § 1681e(b) was negligent, rendering Experian liable pursuant to 15 U.S.C. § 1681o.

41. Plaintiff and each class member suffered an actual injury and loss because of Experian's violation of 15 U.S.C. § 1681e(b) as alleged herein.

42. Plaintiff and each class member are entitled to recover actual or statutory damages up to $1,000, punitive damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Plaintiff and each class member are entitled to recover their actual damages pursuant to 15 U.S.C. § 1681o.

### COUNT TWO:
### Violation of 15 U.S.C. § 1681e(b)

43. Plaintiff brings this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class (the "Multiple Entries Class"):

All natural persons who meet every one of the following definitional

requirements:

    a.    the computer database of Experian shows that the person was the subject of a tax lien or civil judgment;

    b.    Experian's records note that a consumer report containing public record entries regarding the person was published following the date within two years preceding the filing date of Plaintiff's Complaint; and

    c.    and wherein on that date, the Experian file for the consumer contained two records of the same civil judgment or tax lien that would have appeared as two separate entries on the consumer report.

44.    Numerosity. Fed. R. Civ. P. 23(a)(1). Plaintiff alleges that the Multiple Entries Class is so numerous that joinder of the class members' claims is impractical. The class members' names and addresses are identifiable through documents maintained by Experian and through publically available court records, and the class members may be notified of the pendency of this action by published and/or mailed notice.

45.    Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include by example only and without limitation:

    a.    Whether Experian failed to follow reasonable procedures to assure maximum possible accuracy in reporting public records multiple times on a report;

    b.    Whether Experian did so recklessly, knowingly, or intentionally in conscious disregard of the rights of the consumer class members; and

    c.    Whether Experian's conduct constituted violations of the FCRA.

46. Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each class member. Plaintiff is entitled to relief under the same cause of action as the other class members. The procedures for both credit reporting and reporting public records were the same. The willfulness evidence is the same. And the time period within which all actions relevant to this class claim took place is the same.

47. Adequacy. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate class representative because his interests coincide with and are not antagonistic to the interests of the class members he seeks to represent; he has retained counsel competent and experienced in such litigation; and he has prosecuted this action vigorously. Plaintiff and his counsel will fairly and adequately protect the class members' interests.

48. Superiority. Fed. R. Civ. P. 23(b)(3). As alleged above, questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Further, individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Experian's conduct and the limited availability of legal representation for such prosecutions. It would be virtually impossible for the individual class members to effectively redress the wrongs done to them. And in fact, not a single putative class member has filed or attempted the class claim. Even if the class members could afford individual litigation, it would be an unnecessary burden on the Court. In fact, it is also likely that a large number of class members may not even know of the underlying inaccuracy, not having yet discovered the uncorrected public record or otherwise

reviewed their current credit report. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Experian's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

49. Experian violated 15 U.S.C. § 1681e(b) as to the Plaintiff and to the class members by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding them.

50. Each Plaintiff and putative class member suffered real and actual harm and injury.

51. By example only and without imitations, the rights at issue were determined by Congress to be important measures of Experian's process to ensure continued accuracy and completeness in its files and reports.

52. In each instance for each class member, their actual credit reports were inaccurate and duplicatively reported derogatory public records.

53. Experian's violation of 15 U.S.C. § 1681e(b) was willful, rendering Experian liable pursuant to 15 U.S.C. § 1681n.

54. In the alternative, Experian's violation of 15 U.S.C. § 1681e(b) was negligent, rendering Experian liable pursuant to 15 U.S.C. § 1681o.

55. Plaintiff and each class member suffered an actual injury and loss because of Experian's violation of 15 U.S.C. § 1681e(b) as alleged herein.

56.     Plaintiff and each class member are entitled to recover actual or statutory damages up to $1,000, punitive damages, costs, and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Plaintiff and each class member are entitled to recover their actual damages pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, on behalf of himself and the putative class members, move for class certification and for statutory and/or actual damages, punitive damages, as well as his attorney's fees and costs against the Defendant and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted this 19th day of February, 2018.

        **VARNELL & WARWICK, P.A.**

        /s/ Janet R. Varnell
        Janet R. Varnell, Esq.
        FBN: 0071072
        Brian W. Warwick, Esq.
        FBN: 0605573
        David K. Lietz, Esq.
        P.O. BOX 1870
        Lady Lake, FL 32158
        Telephone: (352)753-8600
        jvarnell@varnellandwarwick.com
        bwarwick@varnellandwarwick.com
        dlietz@varnellandwarwick.com
        kstroly@varnellandwarwick.com

        Leonard A. Bennett
        Matthew James Erausquin
        Craig C. Marchiando
        Elizabeth W. Hanes
        CONSUMER LITIGATION
        ASSOCIATES, P.C.

763 J Clyde Morris Blvd, Ste. 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
lenbennett@clalegal.com
matt@clalegal.com
craig@clalegal.com
elizabeth@clalegal.com

Kristi Cahoon Kelly, Esq.,
Andrew J. Guzzo, Esq., VSB #82170
Casey S. Nash, VSB #84261
KELLY &CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
kkelly@kellyandcrandall.com
aguzzo@kellyandcrandall.com
casey@kellyandcrandall.com

E. Michelle Drake
John Albanese
Joseph C. Hashmall
BERGER &MONTAGUE, P.C.
43 SE Main Street
Suite 505
Minneapolis, MN 55414
emdrake@bm.net
jalbanese@bm.net
Phone: (612) 594-5999

*Attorneys for Plaintiff and the Class*